# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN MELNICK, | |
| Plaintiff, | CIVIL ACTION NO. 3:04-CV-2689 |
| v. | (JUDGE CAPUTO) |
| SCOTT TOWNSHIP, et al., | |
| Defendant. | |

## **MEMORANDUM**

Presently before the Court are Magistrate Judge Thomas M. Blewitt's Report and Recommendation (Doc. 25), and Plaintiff's Objections to Report and Recommendation of Magistrate Judge Blewitt Date May 12, 2005 (Doc. 31).  For the reasons set forth below, Petitioner's Objections to the Magistrate's Report and Recommendation will be overruled, and the Court will adopt the Report and Recommendation.  As such, the Cottell Defendants' Motion to Dismiss will be granted.

## **LEGAL STANDARD**

Where objections to the magistrate judge's report are filed, the Court must conduct a *de novo* review of the contested portions of the report, *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989) (citing 28 U.S.C. § 636(b)(1)©), provided the objections are both timely and specific, *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984).  In making its *de novo* review, the Court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge.  *See* 28 U.S.C. § 636(b)(1); *Owens v. Beard*, 829 F. Supp. 736, 738 (M.D. Pa. 1993).  Although the review is *de novo*, the

statute permits the Court to rely on the recommendations of the magistrate judge to the extent it deems proper.  *See United States v. Raddatz*, 447 U.S. 667, 675-76 (1980); *Goney*, 749 F.2d at 7; *Ball v. United States Parole Comm'n*, 849 F. Supp. 328, 330 (M.D. Pa. 1994).  Uncontested portions of the report may be reviewed at a standard determined by the district court.  *See Thomas v. Arn*, 474 U.S. 140, 154 (1985); *Goney*, 749 F.2d at 7.  At the very least, the Court should review uncontested portions for clear error or manifest injustice.  *See, e.g., Cruz v. Chater*, 990 F. Supp. 375, 376-77 (M.D. Pa. 1998).

## DISCUSSION

**1.     Standard - Motion to Dismiss**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted.  Dismissal is appropriate only if, accepting all factual allegations in the complaint as true and "drawing all reasonable inferences in the plaintiff's favor, no relief could be granted under any set of facts consistent with the allegations in the complaint."  *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.,* 140 F.3d 478, 483 (3d Cir. 1998).

In deciding a motion to dismiss, the Court should consider the allegations in the complaint, exhibits attached to the complaint and matters of public record.  *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).  The Court may also consider "undisputedly authentic" documents where the plaintiff's claims are based on the documents and the defendant has attached a copy of the document to the motion to dismiss.  *Id.*  The Court need not assume that the plaintiff can prove facts that were not alleged in the complaint, *see City of Pittsburgh v. West Penn*

*Power Co.*, 147 F.3d 256, 263 (3d Cir. 1998), nor credit a complaint's "bald assertions" or "legal conclusions." *Morse v. Lower Marion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997).

When considering a Rule 12(b)(6) motion, the Court's role is limited to determining whether the plaintiff is entitled to offer evidence in support of the claims. *See Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974). The Court does not consider whether the plaintiff will ultimately prevail. *See id.* In order to survive a motion to dismiss, the plaintiff must set forth information from which each element of a claim may be inferred. *See Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). The defendant bears the burden of establishing that the plaintiff's complaint fails to state a claim upon which relief can be granted. *See Gould Elecs. v. United States,* 220 F.3d 169, 178 (3d Cir. 2000).

**2.     Section 1985(3)**

Plaintiff asserts that Magistrate Judge Blewitt erred in determining that Plaintiff failed to state a claim against Defendants for violation of his rights under 42 U.S.C. § 1985(3). In order to state a claim under § 1985(3), Plaintiff must allege: "(1) a conspiracy; (2) motivated by a racial or class based discriminatory animus designed to deprive, directly or indirectly, any person or class of persons . . . [of] the equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) an injury to person or property or the deprivation of any right or privilege of a citizen of the United States." *Ridgewood Bd. of Educ. v. N.E. ex rel M.E.*, 172 F.3d 238 , 253-54 (3d Cir. 1999) (quoting *Lake v. Arnold*, 112 F.3d 682, 685 (3d Cir. 1997)); *see also Griffin v. Breckenridge,* 403 U.S. 88, 102-03 (1971). Thus, a claim under § 1985(3) requires that there must be "some racial, or perhaps other class-based, invidiously discriminatory

animus behind the conspirators' action." *United Bhd. of Carpenters v. Scott*, 463 U.S. 825, 834 (1983).

Plaintiff asserts that he should be considered a member of a protected class under Section 1985(3) because the right that he is asserting is such a fundamental right as to entitle him to protection. As Magistrate Judge Blewitt correctly noted, the case law of this circuit does not support granting the protection of Section 1985(3) to persons alleging violations of a fundamental right. Plaintiff is not a member of a protected class and, therefore, has failed to allege that Defendants' actions were motivated by discriminatory animus. As such, Plaintiff has failed to state a claim under Section 1985(3).

**3.    Section 1983:**

Plaintiff next asserts that Magistrate Judge Blewitt erred in determining that Plaintiff failed to state a claim against Defendants under 42 U.S.C. § 1983. Section 1983 provides that:

> Every person who, under color of any statute, ordinance, regulation, custom or usage . . . subjects, or causes to be subjected, any citizen of the United States or other persons within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

In order to state a § 1983 claim the conduct must have been committed by a person acting under color of state law. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 923 (1982); *Kost v. Kozakiewicz*, 1 F.3d 176, 184 (3d. Cir. 1993). "Although not an agent of the state, a private party who willfully participates in a joint conspiracy with state officials to deprive a person of a constitutional right acts 'under color of state law' for

4

purposes of § 1983." *Abbott v. Latshaw*, 164 F.3d 141,147-48 (3d Cir. 1998) (quoting *Dennis v. Sparks*, 449 U.S. 24, 27-28 (1980)).

In order to state a § 1983 conspiracy claim, Plaintiff need only meet the liberal pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. *Leatherman*, 507 U.S. at 168; *see also, e.g.*, *In re Bayside Prison Litig.,* 190 F. Supp. 2d 755, 765 (D.N.J. 2002) (citing *Ridgewood*, 172 F.3d at 253-54). Rule 8 requires only a "short plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Conclusory allegations of concerted action absent facts actually reflecting such action, however, may be insufficient to state a conspiracy claim. *Abbott v. Latshaw*, 164 F.3d 141, 148 (3d Cir. 1998), *cert. denied*, 527 U.S. 1035 (1999); *see also Pellegrino Food Products Co. v. City of Warren*, 136 F. Supp. 2d 391, 409-10 (W.D. Pa. 2000).

In the present case, the Cottell Defendants are private citizens whom Plaintiff avers conspired with the other Defendants, who are police officers, to have Plaintiff unlawfully arrested and detained in violation of his constitutional rights. Magistrate Judge Blewitt determined that Plaintiff failed to allege a conspiracy between the Cottell Defendants and the police officers, because Plaintiff merely alleged that the Cottell Defendants notified the police officers about an Order of the Court and that the Plaintiff was in violation of the Order. Magistrate Judge Blewitt determined that there are no allegations in the Complaint that the Cottell Defendants played any role in the police officers' decision and actions of taking Plaintiff into custody, to the courthouse, or in the detainment of Plaintiff for four (4) hours. As such, Magistrate Judge Blewitt determined that Plaintiff failed to allege that there was an agreement between the Cottell Defendants

5

and the other Defendants to unlawfully arrest and detain Plaintiff. I agree. Plaintiff has offered only conclusory allegations that the Cottell Defendants and the police officers conspired to violate Plaintiff's rights. As such, Plaintiff's § 1983 conspiracy claim against the Cottell Defendants was properly dismissed.

**4. State Law Claims**

Plaintiff also asserts that Magistrate Judge Blewitt erred by dismissing Plaintiff's state law claims for false imprisonment, intentional infliction of emotional distress, and negligence. I disagree. As Magistrate Judge Blewitt correctly noted, Plaintiff's state law claims fail to allege the personal involvement of the Cottell Defendants in the applicable causes of action. Specifically, Plaintiff does not allege that the Cottell Defendants arrested him or detained him in violation of his right to be free from false arrest. Further, as noted above, Plaintiff has failed to allege a conspiracy between the Cottell Defendants and the arresting police officers. Second, Plaintiff fails to allege that the Cottell Defendants were involved in the allegedly outrageous and extreme conduct of the police in taking Plaintiff into custody and detaining him for four (4) hours. As such, Plaintiff fails to claim that the Cottell Defendants are liable for intentional infliction of emotional distress. Finally, Plaintiff's claim for negligence is based on the alleged negligence of the police and the Cottell Defendants are not implicated in the claim as pled. Therefore, Defendants' motion to dismiss will be granted with regard to Plaintiff's state law claims.

**5. Opportunity to Amend the Complaint**

Finally, Plaintiff asserts that Magistrate Judge Blewitt erred by denying Plaintiff's request that he be able to amend his Complaint to include more specific facts against the

Cottell Defendants in support of his Section 1985(3) claim.  As Magistrate Judge Blewitt correctly noted, amendment to Plaintiff's claim would be futile and, therefore, Plaintiff's request is properly denied.  Futility is "[a]mong the grounds that. . .justif[ies] a denial of leave to amend [a complaint]."  *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000) (citing *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997)).  "Futility" means that the complaint, as amended, would fail to state a claim upon which relief could be granted.  *Id*.  As discussed above, Plaintiff has failed to allege that he is a member of a protected class under Section 1985(3).  The inclusion of more specific facts in the Complaint will not cure this defect in Plaintiff's Section 1985(3) claim.  Therefore, amendment of Plaintiff's Complaint would be futile and Plaintiff's request was properly denied.

## CONCLUSION

Magistrate Judge Blewitt correctly determined that Plaintiff has failed to state a claim against the Cottell Defendants.  Therefore, I will adopt Magistrate Judge Thomas M. Blewitt's Report and Recommendation (Doc. 25), and Plaintiff's Objections to Report and Recommendation of Magistrate Judge Blewitt Date May 12, 2005 (Doc. 31) will be overruled.  As such, the Cottell Defendants' Motion to Dismiss will be granted.

An appropriate Order follows.

| | |
|---|---|
| February 16, 2006 | /s/ A. Richard Caputo |
| Date | A. Richard Caputo |
| | United States District Judge |

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JOHN MELNICK, | |
| Plaintiff, | NO. 3:04-CV-2689 |
| v. | (JUDGE CAPUTO) |
| SCOTT TOWNSHIP, et al., | |
| Defendant. | |

### ORDER

**NOW**, this ___16th___ day of February, 2006, upon review of Magistrate Judge Thomas M. Blewitt's Report and Recommendation (Doc. 25) for clear error or manifest injustice, **IT IS HEREBY ORDERED** that:

    a.    Plaintiff's Objections to Report and Recommendation of Magistrate Judge Blewitt Date May 12, 2005 (Doc. 31) are **OVERRULED**.

    b.    The Report and Recommendation (Doc. 25) is **ADOPTED**.

    c.    This case is **REMANDED** to Magistrate Judge Thomas M. Blewitt for further proceeding.

    /s/ A. Richard Caputo
    A. Richard Caputo
    United States District Judge