IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN MELNICK, | : | CIVIL ACTION NO. **3:CV-04-2689** |
| | : | |
| Plaintiff | : | (Judge Caputo) |
| | : | |
| vs. | : | (Magistrate Judge Blewitt) |
| | : | |
| SCOTT TOWNSHIP,  et al., | : | |
| | : | |
| Defendants | : | |

## <u>REPORT AND RECOMMENDATION</u>

**I. Background.**

On December 14, 2004, Plaintiff John Melnick, a resident of Clarks Summit, Pennsylvania,

filed a Complaint pursuant to 42 U.S.C. §1983 and § 1985.  (Doc. 1).  Plaintiff named as

Defendants:  Scott Township; David D. Davison and Scott Sayer, Scott Township Police Officers;

and George and Charlene Cottell, husband and wife ("Cottell Defendants).  (Doc. 1, pp. 2-3).

Plaintiff sued all of the Defendants in their individual and official capacities.  This Court had

jurisdiction pursuant to 28 U.S.C. § 1343 and § 1331.

The Plaintiff raised claims under § 1983 and § 1985(3) (Count I), as well as state law claims

(Counts II-IV).  As relief, the Plaintiff requested monetary and punitive damages. (Doc. 1).

On January 21, 2005, Defendants Scott Twp., Davison and Sayer ("Scott Twp. Defendants")

jointly filed their Answer to the Complaint.  (Doc. 3).  On March 21, 2005, the Cottell Defendants

filed a Motion to Dismiss the Complaint under Fed. R. Civ. P. 12 (b) (6).  (Doc. 17).   On May 12,

2005, we issued a Report and Recommendation in which we recommended that the Cottell

Defendants' Motion to Dismiss (Doc. 17) be granted, and that all of the Plaintiff's claims against

these Defendants be dismissed. (Doc. 25).

Discovery then ensued.  On November 30, 2005, the Cottell Defendants and the Scott Township Defendants filed separate Summary Judgment Motions. (Docs. 37 & 39).  The Summary Judgment Motions of Defendants were briefed, and we granted their request for oral argument. (Doc. 52).  Oral argument was scheduled for February 2, 2006.  (Doc. 53).  At the time of oral argument, it appeared to the Court that the parties were interested in a settlement conference. There was also a recent Third Circuit case similar to the instant case, namely, *Harvey v. Plains Twp. Police Dept.*, 421 F. 3d 185 (3d Cir. 2005), and we directed the parties to address it by filing supplemental briefs.  (Doc. 54).  We continued the oral argument, and we set a settlement conference for this case on February 14, 2006. (Doc. 55).  A settlement conference was conducted on February 14, 2006, but the case did not settle at this time.  (Doc. 58).

This case was proceeding as to all of the Defendants and their Motions for Summary Judgment.  On February 16, 2006, the District Court issued an Order in which it adopted our Report and Recommendation, and granted the Cottell Defendants' Motion to Dismiss.  (Doc. 60). On March 2, 2006, a letter was filed indicating that this case settled between Plaintiff and the Scott Township Defendants for $12,500.00.  (Doc. 65).  The Plaintiff's civil rights action was thus settled. Subsequently, on March 8, 2006, Cottell Defendants filed a Motion for Attorney fees and costs under 42 U.S.C. § 1988.  **(Doc. 68).**  The District Court issued an Order on March 10, 2006 referring the Motion for Attorney fees and costs of the Cottell Defendants to the undersigned for

a Report and Recommendation. (Doc. 71).[1] The stated Motion of the Cottell Defendants has been briefed and is ripe for disposition. (Docs. 72 & 74).

## II. Allegations of Complaint.

Plaintiff alleged that on October 1, 2003, the Cottell Defendants filed a petition for preliminary injunction with the Lackawanna County Court of Common Pleas ("LCCCP") against Plaintiff and his wife, who owned the adjoining property to Cottell Defendants' property, without giving Plaintiff notice or a hearing, LCCCP issued a restraining order and enjoined Plaintiff and his wife from blocking, with their vehicle, a driveway which was the subject of an ongoing property dispute between Plaintiff and Cottell Defendants. (Doc. 1, ¶'s 15.-17.). Subsequently, on the same day, the Cottell Defendants notified Defendants Davison and Sayer, police officers with the Scott Twp. Police Dept., that Plaintiff was violating the LCCCP's restraining order. The Police Officer Defendants went to Plaintiff's residence, placed him in police custody, and took him to the Lackawanna County Courthouse. Plaintiff remained in police custody for four (4) hours. The Police Officer Defendants did not charge Plaintiff with any crime and did not arrest him. (*Id.*, ¶'s 18.-21.).

The Plaintiff averred that as a result of conduct of the Defendants, he was caused to suffer the indignity of discrimination, humiliation, shame and outrage, manifested in emotional distress. (*Id.*, ¶ 22.). Plaintiff also claimed to have suffered economic damages, as well as mental pain and suffering, loss of enjoyment to life, and claims that he was denied his property during the four (4) hours that he was improperly imprisoned. (*Id.*, ¶'s 23.-25.).

---

[1] The District Court referred the Plaintiff's Motion for Attorneys' Fees to the undersigned for disposition in the same manner as a pre-trial matter, *i.e.*, for a Report and Recommendation, pursuant to Fed. R. Civ. P. 54 (d) (2) (D). (Doc. 71).

Count I asserted claims under § 1983 and § 1985. Count II raised a state law claim of false imprisonment. Count III asserted a cause of action for intentional infliction of emotional distress. Counts II and III only mentioned the Police Officer Defendants. The final count, Count IV, alleged negligence against Scott Twp. in hiring, training and supervising the Police Officer Defendants.

## III. Discussion.

### A. Attorney's Fees Under Section 1988.

In their Motion for Attorney's Fees and Costs, the Cottell Defendants argue that Plaintiff's claims against them were unreasonable and groundless, and that since the Court granted their Motion to Dismiss, they are the prevailing parties. Defendants then assert that as prevailing parties they are entitled to their attorney fees in the amount of $9, 687.50 and their costs in the amount of $414.48 that they expended in defending against this meritless action of the Plaintiff. (Doc. 68).[2] In his response, Plaintiff argues that he instituted this action against the Cottell Defendants since he reasonably believed that they engaged in a conspiracy with the Scott Twp. Police officers to deprive him of his Constitutional rights. (Doc. 72).

As the Court stated in *Curan v. Southeastern PA Transp. Auth.*, 109 F. Supp. 2d 394, 396 (E.D. Pa. 2000):

---

[2]Cottell Defendants attached as exhibits to their Motion a copy of their hourly billing statement from their attorney, as well as the invoice reflecting their costs. (Doc. 68, Exs. B & C). They also attached a letter from their counsel to Plaintiff's counsel dated March 14, 2005, in which it was contended that Plaintiff's action against the Cottells was frivolous under Rule 11. (*Id.*, Ex. A).

that in the United States, a losing party in a lawsuit usually is
not required to pay the attorneys' fees of the prevailing party.
*See Independent Fed'n of Flight Attendants v. Zipes*, 491 U.S. 754,
758, 109 S.Ct. 2732, 105 L.Ed.2d 639 (1989) (quoting *Alyeska Pipeline
Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247, 95 S.Ct. 1612,
44 L.Ed.2d 141 (1975)).  This case involves a congressionally
created exception to that rule, 42 U.S.C. § 1988, which provides
in relevant part:

> In any action or proceeding to enforce a provision of
> section [ ] . . . 1983 . . .  of this title . . . the court, in its
> discretion, may allow the prevailing party, other than the
> United States, a reasonable attorney's fee as part of the costs.

42 U.S.C. § 1988.  The Supreme Court has interpreted § 1988 to
require different analyses that turn on whether the plaintiff or
the defendant is the prevailing party.  When a plaintiff prevails,
he or she should "ordinarily recover an attorney's fee unless special
circumstances would render such an award unjust." *Newman v.
Piggie Park Enters., Inc.*, 390 U.S. 400, 402, 88 S.Ct. 964, 19 L.Ed.2d
1263 (1968). [FN3] However, when a defendant prevails, "a plaintiff
should not be assessed his opponent's attorney's fees unless a court
finds that his claim was frivolous, unreasonable, or groundless, or
that the plaintiff continued to litigate after it clearly became so."
*See Christiansburg Garment Co. v. Equal Employment Opportunity
Commission*, 434 U.S. 412, 421, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978).

> FN3.  The Court reasoned in *Piggie Park* that favoring
> the recovery of attorneys' fees by plaintiffs in civil rights
> cases was consistent with intention of Congress that those
> injured by discrimination would act as "private attorney[s]
> general" by ferreting out and redressing such violations.
> *See Piggie Park*, 390 U .S. at 402, 88 S.Ct. 964.

In *Curan,* the Court granted the Defendants' summary judgment motion with respect to

plaintiff's civil rights action.  Defendant then moved for attorney's fees and costs under § 1988.  The

Court denied defendant's motion.  The *Curan* Court discussed the delicate balance that the Court

must undertake in determining if a defendant who prevails in a § 1983 suit should be awarded

5

attorney's fees and costs from the Plaintiff.  The *Curan* Court stated:

> On the one hand, the Supreme Court has cautioned against
> courts engaging in "*post hoc* reasoning by concluding that,
> because a plaintiff did not ultimately prevail, his action must
> have been unreasonable or without foundation." *Id.* at 442,
> 98 S.Ct. 694.  Such a hindsight-based approach could deter
> the filing of meritorious lawsuits and undermine the statutory
> incentives designed to encourage the judicial protection of
> civil rights.  *See id.*  On the other hand, the Supreme Court
> has held that the prevailing defendant need not make a
> showing of subjective bad faith on the part of plaintiff to
> recover attorneys' fees, as such a stiff requirement would
> "'distort' the 'fair adversary process.'" *Zipes*, 491 U.S. at 760,
> 109 S.Ct. 2732 (quoting *Christiansburg*, 434 U.S. at 419,
> 98 S.Ct. 694). [FN4]
>
>> FN4 While *Christiansburg* and *Zipes* were Title VII cases,
>> the Supreme Court held in *Hensley v. Eckerhart*,
>> 461 U.S. 424, 433 n. 7, 103 S.Ct. 1933, 76 L.Ed.2d 40
>> (1983), that the analysis set forth in *Christiansburg*
>> applies to § 1983 cases as well.  Thus, the *Christiansburg*
>> analysis is properly applied in this § 1983 action.

*Id.*

        In our case, as in *Curan*, the Cottell Defendants were undisputedly the prevailing parties,

since the Court granted their Motion to Dismiss.  (Doc. 60).  The issue then becomes whether

Plaintiff's action was frivolous as against the Cottells.  The *Curan* Court specified the three factors

to which the Court must look in deciding if a claim was frivolous.  The *Curan* Court indicated:

> The Court of Appeals for the Third Circuit has identified 3 factors
> for courts to consider in determining whether a plaintiff's claim
> was frivolous or without foundation: "(1) whether the plaintiff
> established a *prima facie* case; (2) whether the defendant offered
> to settle; and (3) whether the trial court dismissed the claims
> prior to trial or had a full-blown trial on the merits." *See EEOC v.*
> *L.B. Foster Co.,* 123 F.3d 746, 750 (3d Cir. 1997) (quoting
> *Sullivan v. School Bd.*, 773 F.2d 1182, 1189 (11th Cir. 1985)).

6

*Id*. at 396-97.

In the present case, we find that Plaintiff's allegation against the Cottell Defendants, discussed above, stated a *prima facie* case under § 1983 and § 1985.  We base our finding on the recent Third Circuit case of *Harvey*.  In *Harvey,* the plaintiff asserted that defendant Chukinas, plaintiff's landlord, unlocked and opened the door to plaintiff's apartment for the police so that plaintiff's ex-boyfriend could retrieve his possessions.  The District Court granted summary judgment in favor of Chukinas, and the Third Circuit affirmed this decision.  The Third Circuit discussed cases in which private parties had been found to have acted jointly with state actors.

Plaintiff in our case pled that the Cottell Defendants acted jointly with state actors, *i.e.,* the Scott Twp. Police officers, and he states that he reasonably believed that the Cottells engaged in a conspiracy with the police officers to deprive him of his Constitutional rights.  (Doc. 72, p. 2).  The Plaintiff in our case asserted joint action or action in concert between the Cottells and the police officers with a common purpose or intent, *i.e.* to have Plaintiff remove his pickup truck on property he thought was his own based on a new survey, and before he could review the state court's injunction order with his attorney.  (*Id*.).  The facts alleged by Plaintiff in our case sufficiently showed that the Cottells were willful participants with the Scott Twp. Police officers and that they had a self-interest in the actions of having Plaintiff remove his vehicle from where he had parked it.  The *Harvey* Court quoted the case of *Reitz v. County of Bucks*, 125 F. 3d 139, 148 (3d cir. 1997), and stated "'[o]ther courts have recognized that conduct as seemingly benign as towing a vehicle at the direction of a police officer can result in § 1983 liability for a private  Defendant."  (Citation omitted).  Thus, we find in our case that there was a possible factual scenario in which Plaintiff had

7

a reasonable basis to believe when he instituted his action against the Cottells, that these Defendants had acted in conspiracy with the local police.

Regarding the second factor identified above, there is no indication in our case that the Plaintiff and the Cottells had any settlement discussions.[3]

As to the third factor, there is no dispute in our case that the Court dismissed the Plaintiff's claims against the Cottells prior to trial.

As the *Curan* Court indicated, the stated factors are "guideposts and deciding whether an action was frivolous is to be made on a case-by-case basis." *Curan*, 109 F. Supp. 2d at 397. (Citations omitted). As discussed above, we have found that in our case, there was a factual scenario in which Plaintiff could have reasonably believed that the Cottells had conspired with the local police to deprive him of his Constitutional rights, especially since they were willful and voluntary participants in calling the police to have Plaintiff remove his vehicle from where it was parked, and that they had a self-interest in the action which the police took. Notwithstanding the fact that the Court dismissed the Cottells from this case before Plaintiff could introduce evidence to support his claims against them, we find that since Plaintiff had a new property survey which he believed showed that he parked his truck on his property, since the Cottells had an interest in having Plaintiff remove his truck, and since they willfully  participated with the police, we cannot

_____

[3]While the attorney for the Cottells was present at the settlement conference conducted with this Court on February 14, 2006, there was no indication that the Cottells had any interest in making Plaintiff a settlement offer. We also note, at the time of the settlement conference, our Report and Recommendation recommending the granting of the Cottell's Motion to Dismiss was still pending with the District Court.

conclude that Plaintiff's claims against the Cottells were frivolous.  As the *Curan* Court noted:

> In *Izquierdo v. Sills*, No. 97-495, 1999 WL 1427351,
> 1999 U.S. Dist. LEXIS 20820 (D. Del. Dec. 21, 1999), the
> court held that despite the fact that plaintiff had failed to
> establish a *prima facie* case on any of his claims and summary
> judgment had been granted in defendants' favor prior to trial,
> the claim was not frivolous and defendants' motion for
> fees under § 1983 was denied.

109 F. Supp. 2d at 397, n. 5.

Therefore, we shall recommend that the Cottell Defendants' Motion for Attorney's Fees and

Costs be denied.

**IV. Recommendation.**

Based on the foregoing, it is respectfully recommended that the Cottell Defendants' Motion

for Attorney's Fees and Costs **(Doc. 68)** be denied.


                                    **s/ Thomas M. Blewitt**
                                    **THOMAS M. BLEWITT**
                                    **United States Magistrate Judge**


**Dated: April 12, 2006**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN MELNICK, | : | CIVIL ACTION NO. **3:CV-04-2689** |
| | : | |
| Plaintiff | : | (Judge Caputo) |
| | : | |
| vs. | : | (Magistrate Judge Blewitt) |
| | : | |
| SCOTT TOWNSHIP,  et al., | : | |
| | : | |
| Defendants | : | |

## <u>NOTICE</u>

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing

**Report and Recommendation** dated **April 12, 2006.**

Any party may obtain a review of the Report and Recommendation pursuant to

Rule 72.3, which provides:

Any party may object to a magistrate judge's proposed findings,
recommendations or report addressing a motion or matter described in
28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the
disposition of a prisoner case or a habeas corpus petition within ten (10)
days after being served with a copy thereof.  Such party shall file
with the clerk of court, and serve on the magistrate judge and all
parties, written objections which shall specifically identify the
portions of the proposed findings, recommendations or report to which
objection is made and the basis for such objections.  The briefing
requirements set forth in Local Rule 72.2 shall apply.  A judge shall
make a *de novo* determination of those portions of the report or
specified proposed findings or recommendations to which objection
is made and may accept, reject, or modify, in whole or in part, the findings
or recommendations made by the magistrate judge.  The judge, however,
need conduct a new hearing only in his or her discretion or where
required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.


                                                      **s/ Thomas M. Blewitt**
                                                      **THOMAS M. BLEWITT**
                                                      **United States Magistrate Judge**


**Dated: April 12, 2006**