**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

JOHN MELNICK,

      Plaintiff,

        v.

SCOTT TOWNSHIP, et al.,

      Defendant.

CIVIL ACTION NO. 3:04-CV-2689

(JUDGE CAPUTO)

## MEMORANDUM

Presently before the Court are Magistrate Judge Thomas M. Blewitt's Report and Recommendation (Doc. 75), and Defendants' Objections and Exceptions to the Magistrate Judge's Report and Recommendation of April 12, 2006 (Doc. 76).  For the reasons set forth below, Defendants' Objections to the Magistrate's Report and Recommendation will be overruled, and the Court will adopt the Report and Recommendation.  As such, the Cottell Defendants' Motion for Attorney's Fees and Costs (Doc. 68) will be denied.

## LEGAL STANDARD

Where objections to the magistrate judge's report are filed, the Court must conduct a *de novo* review of the contested portions of the report, *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989) (citing 28 U.S.C. § 636(b)(1)©), provided the objections are both timely and specific, *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984).  In making its *de novo* review, the Court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge.  *See* 28 U.S.C. § 636(b)(1); *Owens*

1

*v. Beard*, 829 F. Supp. 736, 738 (M.D. Pa. 1993).  Although the review is *de novo*, the

statute permits the Court to rely on the recommendations of the magistrate judge to the

extent it deems proper.  *See United States v. Raddatz*, 447 U.S. 667, 675-76 (1980);

*Goney*, 749 F.2d at 7; *Ball v. United States Parole Comm'n*, 849 F. Supp. 328, 330 (M.D.

Pa. 1994).  Uncontested portions of the report may be reviewed at a standard determined

by the district court.  *See Thomas v. Arn*, 474 U.S. 140, 154 (1985); *Goney*, 749 F.2d at

7.  At the very least, the Court should review uncontested portions for clear error or

manifest injustice.  *See, e.g., Cruz v. Chater*, 990 F. Supp. 375, 376-77 (M.D. Pa. 1998).

## DISCUSSION

In his Report and Recommendation, Magistrate Judge Blewitt determined that

Plaintiff's claims against the Cottell Defendants were not frivolous, unreasonable, or

groundless; and, therefore, the Cottell Defendants were not entitled to an award for their

attorney fees in the amount of $9,687.50, nor their costs in the amount of $414.48.  The

Cottell Defendants object to Magistrate Judge Blewitt's determinations.  For the following

reasons, I find that Plaintiff's claims were not frivolous and, as such, I will deny the Cottell

Defendants' Motion for Attorney's Fees and Costs (Doc. 68).

**1.      Attorney's Fees Under Section 1988**

As Magistrate Judge Blewitt correctly stated, the United States District Court for

the Eastern District of Pennsylvania noted in *Curan v. Southeastern PA Transp. Auth.*,

109 F. Supp. 2d 394 (E.D. Pa. 2000) that:

> The Supreme Court has interpreted § 1988 to require
> different analyses that turn on whether the plaintiff or the
> defendant is the prevailing party.  When a plaintiff
> prevails, he or she should "ordinarily recover an

> attorney's fee unless special circumstances would render such an award unjust." *Newman v. Piggie Park Enters., Inc.*, 390 U.S. 400, 402, 88 S.Ct. 964, 19 L.Ed.2d 1263 (1968).  However, when a defendant prevails, "a plaintiff should not be assessed his opponent's attorney's fees unless a court finds that his claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so."

*Id.* at 396 (citing *Christiansburg Garment Co. v. Equal Employment Opportunity Commission*, 434 U.S. 412, 421, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978)).

In the present case, the Cottell Defendants were the prevailing parties. Thus, the issue becomes whether Plaintiff's action filed with the Court was frivolous as against the Cottell Defendants.  As Magistrate Judge Blewitt noted, the *Curan* Court specified three factors to which the Court must look in deciding if a claim was frivolous. The *Curan* Court explained:

> The Court of Appeals for the Third Circuit has identified 3 factors for courts to consider in determining whether a plaintiff's claim was frivolous or without foundation: "(1) whether the plaintiff established a prima facie case; (2) whether the defendant offered to settle; and (3) whether the trial court dismissed the claims prior to trial or had a full-blown trial on the merits."

*Id.* at 396-97 (citing *EEOC v. L.B. Foster Co.*, 123 F.3d 746, 750 (3d Cir. 1997)).  The listed factors, however, are mere "guideposts", and "determinations regarding frivolity are to be made on a case-by-case basis."  *EEOC*, 123 F.3d at 751 (quoting *Sullivan v. School Bd.,* 773 F.2d 1182, 1189 (11th Cir. 1985)).

In the present case, weighing the three factors, I find that Plaintiff's claims against the Cottell Defendants were not frivolous.  First, I previously determined that Plaintiff

failed to state a claim against the Cottell Defendants upon which relief could be granted.

However, considering the facts as alleged in the Complaint, I agree with Magistrate

Judge Blewitt's conclusion that Plaintiff had a reasonable basis on which he could believe

that the Cottell Defendants had acted in conspiracy with the local police to deprive

Plaintiff of his Constitutional rights.

Regarding the second factor, Magistrate Judge Blewitt correctly noted that there is

no indication in the present case that the Plaintiff and the Cottell Defendants had any

settlement discussions.  Third, there is no dispute that the Court dismissed the Plaintiff's

claims against the Cottell Defendants prior to trial.  Weighing the above factors, I find that

Plaintiff's claims against the Cottell Defendants were not frivolous.  As such, an award of

attorney's fees and costs to the Cottell Defendants would be unwarranted.  Therefore, I

will adopt Magistrate Judge Blewitt's Report and Recommendation (Doc. 75), and the

Cottell Defendants' Motion for Attorney's Fees and Costs (Doc. 68) will be denied.

## CONCLUSION

Magistrate Judge Blewitt correctly determined that Plaintiff's claims against the

Cottell Defendants were not frivolous.  Therefore, I will adopt Magistrate Judge Thomas

M. Blewitt's Report and Recommendation (Doc. 75), and Defendants' Objections and

Exceptions to the Magistrate Judge's Report and Recommendation of April 12, 2006

(Doc. 76) will be overruled.  As such, the Cottell Defendants' Motion for Attorney's Fees

and Costs (Doc. 68) will be denied.

4

An appropriate Order follows.


 May 1, 2006                                           /s/ A. Richard Caputo
Date                                                A. Richard Caputo
                                                    United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

JOHN MELNICK,

     Plaintiff,                          NO. 3:04-CV-2689

          v.

                                     (JUDGE CAPUTO)

SCOTT TOWNSHIP, et al.,

     Defendant.

## <u>ORDER</u>

     **NOW**, this    1st    day of May, 2006, upon review of Magistrate Judge

Thomas M. Blewitt's Report and Recommendation (Doc. 75) for clear error or manifest

injustice, **IT IS HEREBY ORDERED** that:

     a.     Defendants' Objections and Exceptions to the Magistrate Judge's Report
            and Recommendation of April 12, 2006 (Doc. 76) are **OVERRULED**.

     b.     The Report and Recommendation (Doc. 75) is **ADOPTED**.

     c.     The Cottell Defendants' Motion for Attorney's Fees and Costs (Doc. 68) is
            **DENIED**.


                                /s/ A. Richard Caputo
                               A. Richard Caputo
                               United States District Judge